UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEA KENG KANG,

              Plaintiff,

- against -

HERTZ VEHICLES, LLC AND MORRIS MARSHALL, JR.,

              Defendants.

Docket No.: 08 CV 2518

**NOTICE OF REMOVAL**

Defendant Demands Trial by Jury

To: **THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

Defendants, The Hertz Corporation s/h/a Hertz Vehicles, LLC and Morris Marshall, Jr., by their attorneys, Lifflander & Reich LLP, allege, upon information and belief, as follows:

1. Plaintiff, Jea Keng Kang ("Plaintiff"), has commenced an action in Supreme Court, Bronx County against defendants, The Hertz Corporation s/h/a Hertz Vehicle, LLC and Morris Marshall, Jr. (collectively "Defendants"), entitled <u>Jea Keng Kang v. Hertz Vehicle, LLC and Morris Marshall, Jr.</u> (Index No.: 301550/08). A true copy of the Summons and Complaint is annexed hereto as **Exhibit "A"**.

2. The above-entitled action is one which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 as one which may be removed to this Court, pursuant to 28 U.S.C. § 1441, in that it is a civil action and the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3. The complaint alleges that due to Defendants' negligence, Plaintiff was caused to sustain personal injuries and damages as a result of an automobile accident. In

the Summons and Complaint, Plaintiff alleges that he resides in the Town of Vancouver, State of Washington.

4. None of Defendants reside in the State of New York. Defendant, The Hertz Corporation s/h/a Hertz Vehicle, LLC, is a corporation organized under the laws of the State of Delaware, having its principal place of business located at 255 Brae Boulevard, Park Ridge, NJ 07656. Defendant, Morris Marshall, Jr., resides at 383 East 141 Street, Apt. 4A, Bronx, New York 10454.

5. The Summons and Complaint was served upon the Defendant within the past thirty (30) days. Therefore, removal is timely under 28 U.S.C. § 1446.

6. Accordingly, this Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332, and Defendants are entitled to remove this action pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants respectfully request that the action now pending against them in the Supreme Court of the State of New York, County of Bronx, be removed therefrom to this Court.

7. Defendants demand a trial by jury.

WHEREFORE, defendants, The Hertz Corporation s/h/a Hertz Vehicle, LLC and Morris Marshall, Jr., hereby give notice of the removal of plaintiff Jea Keng Kang's action to this Court pursuant to U.S.C. §§ 1441 and 1446, and respectfully requests that this action be duly removed to this Court, and this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further

proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
March 11, 2008

       Yours, etc.

       Lifflander & Reich LLP

       _____
       Roman E. Gitnik (REG-4993)
       Attorneys for Defendant
       The Hertz Corporation s/h/a
       Hertz Vehicle, LLC and
       Morris Marshall, Jr.
       1221 Avenue of the Americas
       New York, New York 10020
       212.332.8820; 8825
       Our File No.: 06554-37600

To: Sim & Park, LLP
   450 Seventh Avenue, Suite 1805
   New York, NY 10123
   212.239.3680
   Your File No.: 08-0064

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
JEA KENG KANG

          Plaintiff(s),

-against-

HERTZ VEHICLES, LLC AND MORRIS MARSHALL, JR.

         Defendant(s).

-----------------------------------------------------------------X

Index No.:
Date Purchased: 301550/08

**SUMMONS**

Plaintiff designates Bronx County as the place of trial.

The basis of venue is: Defendant's Residence

Defendant resides at:
383 E 141St 4A
Bronx, NY 10454

County of Bronx

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  NEW YORK, NEW YORK
     February 22, 2008

Date: 02/26/0
Time: 10:06 AM

| Bronx County Clerks Office | |
|---|---|
| 851 Grand Concourse | |
| Bronx, NY 10451 | |
| Department: | LAW |
| Transaction No | 1114660 |
| Plaintiff | jea keng kang |
| Defendant | hertz vehicles, llc |
| Index No | 301550-2008 |
| Type: | CT |

ANDREW PARK, ESQ.
SIM & PARK, LLP
Attorneys for Plaintiff
JEA KENG KANG
450 Seventh Ave.
Suite 1805
New York, New York 10123
212-239-3680
Our File No. 08-0064

TO: HERTZ VEHICLES, LLC
900 Doremus Ave.
PT Newark, NJ 07114

MORRIS MARSHALL, JR.

383 E 141St 4A
Bronx, NY 10454

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Purchased:

-----------------------------------------------------------X

JEA KENG KANG

**VERIFIED COMPLAINT**

                             Plaintiff(s),

                  -against-

HERTZ VEHICLES, LLC AND MORRIS MARSHALL,
JR.

                            Defendant(s).

-----------------------------------------------------------X

Plaintiff, by his attorneys, **SIM & PARK, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief:

1. At all times herein mentioned, Plaintiff **JEA KENG KANG** was, and still is, a resident of the Town of Vancouver, State of Washington.

2. At all times herein mentioned, Defendant **HERTZ VEHICLES, LLC** was, and still is, a resident of the Town, State of New Jersey.

3. At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** was, and still is, a resident of the County of Bronx, State of New York.

4. At all times herein mentioned, Defendant **HERTZ VEHICLES, LLC** was the owner of a 2006 Ford motor vehicle bearing New York State registration number UMJ39N.

5. At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** operated the aforementioned motor vehicle bearing New York State registration number UMJ39N.

6. At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** operated the aforementioned motor vehicle with the permission of Defendant **HERTZ VEHICLES, LLC**.

7.  At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** operated the aforementioned motor vehicle with the knowledge of the Defendant **HERTZ VEHICLES, LLC**.

8.  At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** operated the aforementioned motor vehicle with the consent of the Defendant **HERTZ VEHICLES, LLC**.

9.  At all times herein mentioned, Defendant **HERTZ VEHICLES, LLC** managed the aforesaid motor vehicle.

10. At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** managed the aforementioned motor vehicle.

11. At all times herein mentioned, Defendant **HERTZ VEHICLES, LLC** maintained the aforementioned motor vehicle.

12. At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** maintained the aforementioned motor vehicle.

13. At all times herein mentioned, Defendant **HERTZ VEHICLES, LLC** controlled the aforementioned motor vehicle.

14. At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** controlled the aforementioned motor vehicle.

15. At all times herein mentioned, Defendant **MORRIS MARSHALL, JR.** operated the aforementioned motor vehicle in the scope of his employment with **HERTZ VEHICLES, LLC**.

16. At all times herein mentioned, Plaintiff **JEA KENG KANG** was the operator of a 2000 Honda motor vehicle bearing New York State registration number SSD92V.

17. At all times herein mentioned, Triboro Bridge in the County of Queens, State of New York, were public roadways, streets and/or thoroughfares.

2

18. That on October 16, 2006, Defendant **MORRIS MARSHALL, JR.** was operating the vehicle owned by **HERTZ VEHICLES, LLC**, at the aforementioned location.

19. That on October 16, 2006, Plaintiff **JEA KENG KANG** was operating its motor vehicle at the aforementioned location.

20. That on October 16, 2006, at the aforementioned location, the motor vehicle owned by Defendant **HERTZ VEHICLES, LLC** and operated by Defendant **MORRIS MARSHALL, JR.** came into contact with the motor vehicle operated by Plaintiff **JEA KENG KANG**.

21. That as a result of the aforesaid contact, Plaintiff **JEA KENG KANG** was injured.

22. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

23. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24. That by reason of the foregoing, Plaintiff **JEA KENG KANG** sustained severe and permanent personal injuries; and Plaintiff **JEA KENG KANG** was otherwise damaged.

25. That Plaintiff **JEA KENG KANG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

26. That Plaintiff **JEA KENG KANG** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

27. That Plaintiff **JEA KENG KANG** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated

3

to reimburse Plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

28. That this action falls within one or more of the exceptions set forth in CPLR §1602.

29. That by reason of the foregoing, Plaintiff **JEA KENG KANG** has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff **JEA KENG KANG** demands judgment against the Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated:   New York, New York
         February 22, 2008

> Yours, etc.
>
> ANDREW PARK, ESQ.
> SIM & PARK, LLP
> Attorneys for Plaintiff
> JEA KENG KANG
> 450 Seventh Ave.
> Suite 1805
> New York, New York 10123
> 212-239-3680
> Our File No. 08-0064

4

## ATTORNEY'S VERIFICATION

ANDREW PARK, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at SIM & PARK, LLP, attorneys of record for Plaintiff(s),. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED: New York, New York
February 22, 2008

_____
ANDREW PARK, ESQ.