UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEA KENG KANG,

                    Plaintiffs,

-against-

HERTZ VEHICLES, LLC and MORRIS
MARSHALL, JR.,

                    Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

CV 08-1283 (RJD)

DEARIE, Chief Judge.

Plaintiff Jea Keng Kang commenced this personal injury action after he and defendant Morris Marshall were involved in a car accident on the Grand Central Parkway in Queens, New York. Kang alleges that Marshall's negligence was the sole cause of the accident. Kang has also sued Marshall's employer Hertz Vehicles, LLC on the theory of respondeat superior.

Kang alleges that he was driving on the Grand Central Parkway when his car was hit near the rear tire on the driver's side by Marshall's Hertz van. The impact caused Kang's car to spin to its left and the vehicle ultimately came to a stop when it hit the concrete center barrier. Kang then "fainted" for a couple of minutes. He alleges that as a result of the accident he suffers from neck, lower back and arm pain, and he claims damages of $5 million.

Discovery is complete and defendants move for summary judgment contending that Kang's allegations of negligence are entirely speculative and that there is no genuine issue of material fact that requires the case to go to trial. Because the Court agrees with defendants their motion is granted and plaintiff's claims are dismissed.

1

## DISCUSSION

The "party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002) (internal citation omitted). "In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party." Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

If the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to come forth with specific evidence to allow the court to determine that a reasonable jury could return a verdict in its favor. See Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-28 (emphasis in original). Thus, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation" in seeking to avoid summary judgment. Byrnie, 243 F.3d at 101 (internal citation omitted).

After reviewing the record evidence, the Court finds that defendants have established that they are entitled to judgment as a matter of law. While Kang's conclusory and unsubstantiated allegations that Marshall was negligent may have been sufficient to survive the pleading stage, more is needed to survive summary judgment. Kang, however, has offered no evidence from which a reasonable juror could infer that Marshall was speeding, driving erratically, or was otherwise negligent in causing the accident. Indeed, Kang, who admitted that he saw Marshall's

van for the first time <u>after</u> the accident, does not contend that he witnessed Marshall speeding or otherwise driving negligently. Nor has any eyewitness to the accident come forward with any testimony supporting Kang's claim that Marshall was negligent. To the contrary, the uncontroverted record evidence, including the deposition testimony of passengers in Marshall's van at the time of the incident, suggests that Kang, and not Marshall, was speeding and that he caused the accident when he suddenly and without notice cut in front of Marshall's van. Accordingly, Kang's claim that Marshall was negligent is entirely speculative and summary judgment for defendants is warranted. See e.g., Exime v. Williams, 45 A.D.3d 633 (2nd Dept. 2007) (granting summary judgment because plaintiff's claim that defendant was speeding "w[as] speculative, as Exime testified at his deposition that he never saw the defendant's vehicle prior to the collision").

Kang's argument that there are material issues of fact that preclude summary judgment is unavailing. The crux of his argument is that a triable issue of material fact exists as to whether, as he contends, Marshall's van hit Kang's vehicle from behind, or whether, as Marshall contends, Marshall's van first hit Kang's vehicle after Kang's vehicle bounced off the concrete center divider on the highway. (Opp. Br. at 15.) This last-ditch attempt to avoid summary judgment, however, merely underscores the entirely speculative nature of his claim because even assuming that Marshall hit Kang's vehicle from behind no reasonable juror could find that Marshall was negligent based solely on that fact.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      November 10, 2009

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge